RECORD NO. 11-4104

IN THE

# United States Court of Appeals
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

SCOTTIE LEE MARTINEZ,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT NORFOLK

**OPENING BRIEF OF APPELLANT
SCOTTIE LEE MARTINEZ**

Alan H. Yamamoto
ATTORNEY AT LAW
643 South Washington Street
Alexandria, Virginia 22314
(703) 684-4700
yamamoto.law@verizon.net

*Counsel for Appellant*　　　　　　　　　　　　　　　　　May 6, 2011

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

I.    THE DISTRICT COURT ERRED IN DENYING THE
     APPELLANT'S MOTION TO WITHDRAW HIS PLEA . . . . . . . . . . . . 9

    A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    B.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**CASES**

*Farnsworth v. Sanford*, 115 F.2d 375 (5th Cir. 1940) . . . . . . . . . . . . . . . . . . . . . . 10

*Kercheval v. United States*, 274 U.S. 220 (1927) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Jerry*, 487 F.2d 600 (3rd Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Joslin*, 434 F.2d 526 (D.C. Cir. 1970) . . . . . . . . . . . . . . . . . . . . 10

*United States v. Lambey*, 974 F.2d 1389 (4th Cir. 1992) . . . . . . . . . . . . . . . . . . 10

*United States v. Lombardozzi*, 436 F.2d 878 (2d Cir. 1971) . . . . . . . . . . . . . . . . 10

*United States v. Moore*, 931 F.2d 245 (4th Cir. 1991) . . . . . . . . . . . . . . . . . . . . 11

*United States v. Needles*, 472 F.2d 652 (2d Cir. 1973) . . . . . . . . . . . . . . . . . . . . 10

*United States v. Ubakanma*, 215 F.3d 421 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . 9

*United States v. Vasquez-Velasco*, 471 F.2d 294 (9th Cir. 1973) . . . . . . . . . . . . 10

**OTHER REFERENCES**

18 U.S.C. § 2244(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

18 U.S.C. § 2251(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Appellate Procedure 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Appellate Procedure 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Criminal Procedure 32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. The district court entered its judgment of conviction on January 18, 2011. Appellant filed a timely notice of appeal on January 24, 2011. The Fourth Circuit Court of Appeals has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and Federal Rules of Appellate Procedure 3 and 4. This appeal is from a final order disposing of all claims.

## STATEMENT OF ISSUES PRESENTED

1. Whether the district court erred in denying the appellant's motion to withdraw his plea.

## STATEMENT OF THE CASE

On July 19, 2010, the appellant was charged in a three count criminal information charging in Counts 1 and 2, Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), and in Count 3, Abusive Sexual Contact, in violation of 18 U.S.C. § 2244(a)(1). (App. 10-15). On July 21, 2010, the appellant entered a guilty plea pursuant to a written plea agreement. (App. 41-58).

On October 7, 2010, the appellant filed a motion to withdraw his guilty plea. (App. 59-60). On October 29, 2010, the court held a hearing on the appellant's motion to withdraw his plea (App. 70-99) and after hearing argument from the

parties, the court denied the appellant's motion. (App. 100). On January 18, 2011, the district court sentenced the appellant on Count 1 to a term of imprisonment of three hundred sixty (360) months; on Count 2 to a term of imprisonment of three hundred sixty (360) months; and on Count 3 to a term of imprisonment of two hundred forty (240) months; all to be served consecutive to each other for a total of nine hundred sixty (960) months with a life term of supervised release. (App. 128-29). The judgment was issued on January 19, 2011. (App. 135-40). A timely notice of appeal was filed on January 24, 2011. (App. 141-42).

## STATEMENT OF FACTS

On July 19, 2010, a three-count criminal information was filed charging the appellant with two counts of production of child pornography and one count of abusive sexual contact. (App. 10-15). On July 21, 2010, the court conducted a Rule 11 plea colloquy before taking the appellant's plea to the criminal information. The appellant was placed under oath at the beginning of the proceeding. (App. 17). The court asked the appellant how far he went in school and the appellant informed the court that he had a master's degree and could read, write and speak the English language. (App. 18-19). The appellant informed the court that he was not under the influence of drugs, narcotic, marijuana or alcohol and had never been treated for mental illness or addiction to narcotic drugs. (App. 19). The appellant had received

2

a copy of the criminal information and discussed the charges and the case with his attorney. (App. 19). The court informed the appellant that he had a constitutional right to be charged by an indictment by a grand jury but could waive that right and consent to being charged by information. (App. 19). The court asked the appellant if he had discussed waiving his right to an indictment by a grand jury with his attorney and understood his right to indictment by a grand jury and the appellant stated that he had. (App. 20). The court if any threats or promises had been made to induce the appellant to waive indictment and the appellant stated that no one had. (App. 21). The court asked appellant's attorney if there was any reason why the appellant should not waive indictment and appellant's attorney stated that there was not. (App. 21). The appellant stated that he read and understood the Waiver of Indictment before signing it. (App. 21, 40). The court found that the appellant's waiver was knowingly and voluntarily made. (App. 21).

The court explained the elements that the government would have to prove in order to convict the appellant of Counts 1 and 2 and that the maximum penalty for those counts was 30 years and the mandatory minimum penalty for Counts 1 and 2 was 15 years and a fine not to exceed $250,000. (App. 22). The appellant stated that he understood. (App. 22). The court went on to explain the elements the government would have to prove in order to convict the appellant of Count 3 and that the

3

maximum penalty for Count 3 was 20 years and a fine not to exceed $250,000. (App. 23). The appellant stated that he understood. (App. 23). The court informed the appellant that restitution might also be required to compensate any victim and that the court could require forfeiture of property. (App. 23-24).

The court went on to inform the appellant that the offenses were felonies and if convicted the appellant might lose valuable civil rights such as the right to vote, to hold public office, to serve on a jury and to possess a firearm. (App. 24). The court informed the appellant that the cost of prosecution, cost of incarceration and cost of supervised release could be assessed against him. (App. 24). The appellant was informed that he would be required to pay a $300 special assessment. (App. 24). The appellant was informed that there would be supervised release terms of a least 5 years and up to life for Counts 1 and 2 and up to life for Count 3. (App. 25).

The appellant acknowledged that before signing the plea agreement he had read and understood each page of the plea agreement and that his attorney explained the plea agreement to him. (App. 25-26). The appellant and his attorney signed and initialed each page of the plea agreement. (App. 25-26).

The court then went over portions of the plea agreement with the appellant. (App. 26). The court informed the appellant that Count 3, the 18 U.S.C. § 2244 count, would be as written in 2004 because of *ex post facto* considerations. (App.

4

26).

The court informed the appellant that he had right to plead not guilty, have a speedy and public trial by jury, the assistance of counsel, the right to confront and cross-examine witnesses and could not be required to testify or incriminate himself. (App. 29). The appellant acknowledged that no promise of leniency or any other promise had been made in return for his plea of guilty other that what was contained in the plea agreement and no one had threatened him or used force to induce him to plead guilty. (App. 31). The appellant acknowledged that he had discussed the facts of his case with his attorney and was satisfied that his attorney fully considered the facts and discussed with appellant any possible defenses the appellant may have had to the charges. (App. 31).

The court informed the appellant of the factors that the court would consider in imposing a sentence and that the court could consider all appellant's activities including activities for which he had not been charged. (App. 32-33). The court asked the appellant if he understood that the plea agreement contained a provision whereby the appellant was waiving his right to appeal any sentence imposed on any ground whatsoever as long as the sentence was within the statutory maximum and the appellant stated that he understood. (App. 34). The court again asked the appellant if he understood he was giving up his right to appeal and could not appeal any lawful

5

sentence imposed by the court and the appellant again stated that he understood. (App. 34). The appellant acknowledged that he was entering the plea agreement freely and voluntarily. (App. 35). In response the court's questions, the appellant's attorney acknowledged that the appellant had been competent and able to cooperate with counsel in the case; acknowledged that he discussed the facts of the case on multiple occasions; acknowledged that he was satisfied that there were no meritorious defenses which could be raised; acknowledged that he was satisfied that the defendant's constitutional rights had been observed; acknowledged that the appellant was not under the influence of any drugs, narcotic, marijuana or alcohol; and acknowledged that there was no reason to prevent the appellant from pleading guilty. (App. 35-36).

The appellant then entered guilty pleas to Counts 1, 2 and 3 of the criminal information and acknowledged that the was entering the plea of guilty freely and voluntarily because he was in fact guilty of the offenses. (App. 36). The appellant acknowledged that the information contained in the statement of facts was correct and that he had signed the statement of facts. (App. 37).

In accepting the appellant's plea, the court found that based on the statement of facts and the answers to the questions propounded by the court, that the appellant was fully competent and capable of entering an informed plea; that the appellant's

6

plea of guilty, waiver of appeal or any other waivers in the plea agreement were made knowingly and voluntarily and with the full understanding of his rights; and that the plea was supported by an independent basis in fact for each of the essential elements of the offenses. (App. 37).

On October 7, 2010, the appellant filed a motion to withdraw his guilty plea to Counts 2 and 3 of the criminal information asserting that he was innocent of those charges. (App. 59-60). The government filed a response in opposition. (App. 61-9).

The court heard argument on the appellant's motion on October 29, 2010. The appellant asserted his actual innocence to Counts 2 and 3. (App. 73). The court pointed out that during the plea colloquy the court asked the appellant if he had read and understood the statement of facts prior to signing it and if the facts in the statement of facts were true and correct, to which the appellant had answered yes. (App. 76). The appellant argued that he had not been truthful during the plea colloquy because of a misguided effort to keep his family from having to deal with the situation. (App. 78).

The government argued that the appellant had not fulfilled his burden to show that there was a fair and just reason to withdraw his plea. (App. 80). The government pointed out that the government and the appellant had gone back and forth on the information and statement of facts before the appellant agreed to sign. (App. 81).

7

The government argued that it would be prejudiced because the appellant had been in contact with the victims; that two of the victims no longer lived in Virginia; and that one of the victims had been having emotional problems from the defendant's actions and thought she could get closure from the sentencing. (App. 82).

The court found that the appellant had not offered credible evidence that his plea was not knowing and voluntary; that the appellant asserted his legal innocence; that the two month delay between the plea and the filing of the motion was suspicious; that the appellant had the close assistance of counsel; and that there was no assertion that the Rule 11 hearing had not properly been conducted. (App. 89-90). The court found that the appellant's claim of actual innocence to Counts 2 and 3 did not constitute a fair and just reason for the withdrawal of his plea and that the appellant did not allege his plea hearing was deficient and did not provide details why he was actually innocent of Counts 2 and 3. (App. 90-91). The court reviewed the plea colloquy. (App. 91-94). The court then again reviewed the factors to consider in determining whether to permit a withdrawal of a plea. The court found that there was no evidence that the plea was not knowing and voluntary and, other than wanting to save his family from having to go through a trial, there was no explanation of actual innocence. (App. 94). The court found that there had been a delay of over two months between the plea and the filing of the motion. (App. 94). The court found

8

that the appellant had the close assistance of counsel. (App. 95). The court was not concerned about the prejudice to the government factor or the inconvenience to the court factor. (App. 95-96). In denying the motion, the court emphasized that the appellant had not demonstrated that his plea was defective in any way. (App. 96-98).

## SUMMARY OF THE ARGUMENT

The appellant contends that his actual innocence to Counts 2 and 3 was a fair and just reason for the court to permit the appellant to withdraw his plea.

## ARGUMENT

**I. THE DISTRICT COURT ERRED IN DENYING THE APPELLANT'S MOTION TO WITHDRAW HIS PLEA.**

**A. STANDARD OF REVIEW.**

The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000).

**B. ARGUMENT.**

The appellant asserts that the district court erred in denying his motion to withdraw his guilty plea.

Fed. R. Crim. P. 32(e) permits the defendant to withdraw a guilty plea for any "fair and just reason." The "fair and just" standard was added to the Rule 32 in the 1983 amendment to Rule 32 which incorporated the fair and just dictum of the

9

Supreme Court in *Kercheval v. United States*, 274 U.S. 220 (1927). "[A] "fair and just" reason for withdrawing a plea is one that essentially challenges [ ] the fairness of the Rule 11 proceeding. . . ." *United States v. Lambey*, 974 F.2d 1389, 394 (4th Cir. 1992). Some of the factors set forth in the Rule 32 Advisory Committee Notes for the Court to consider in reviewing a motion to withdraw a guilty plea were whether the defendant had asserted his legal innocence, *United States v. Joslin*, 434 F.2d 526 (D.C. Cir. 1970); the reason why the defenses were not put forward at the time of the original pleading, *United States v. Needles*, 472 F.2d 652 (2d Cir. 1973); and the amount of time which had passed between the plea and the motion.

 Once the defendant establishes a reason for the withdrawal, the trial court is then to consider whether the government would be prejudiced by withdrawal of the plea. The Advisory Committee cited a number of cases in which substantial prejudice had been present. *United States v. Jerry*, 487 F.2d 600 (3rd Cir. 1973), physical evidence discarded; *United States v. Vasquez-Velasco*, 471 F.2d 294 (9th Cir. 1973), death of the chief government witness; *United States v. Lombardozzi*, 436 F.2d 878 (2d Cir. 1971), co-defendants had already been tried in a lengthy trial; *Farnsworth v. Sanford*, 115 F.2d 375 (5th Cir. 1940), prosecution had dismissed 52 witnesses from all over the country and overseas.

 The Fourth Circuit Court of Appeals has developed factors for the trial court

to evaluate in determining whether to permit the withdrawal of a guilty plea. In *United States v. Moore*, 931 F.2d 245 (4th Cir. 1991), the Court of Appeals cited the following factors for the court to consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

931 F.2d at 248.

Regarding factor 1 whether the plea was knowing and voluntary, the appellant's counsel conceded to the court during the hearing on the appellant's motion to withdraw his plea that the plea was knowing and voluntary; that the appellant had reviewed the plea agreement with counsel prior to signing it.

Regarding factor 2 whether the appellant was credibly asserting his legal innocence, the appellant asserted his legal innocence to Counts 2 and 3 of the criminal information while admitting his guilt to Count 1. The appellant asserted that he had entered a guilty plea to Counts 2 and 3 in order to avoid the stress and trauma to his family that a trial would bring. Subsequently, the appellant realized his error and was attempting to rectify it by withdrawing his guilty plea to Counts 2 and 3.

Regarding factor 3 whether there had been a delay between entering the plea

11

and the filing of the motion to withdraw the plea, the court found that there had been a delay of more than two months between the entry of the plea and the filing of the motion.

Regarding factor 4 whether the appellant had the close assistance of competent counsel, the appellant did not allege that his counsel was incompetent and the court found that the appellant had the assistance of competent counsel.

Regarding factor 5, whether withdrawal of the guilty plea would prejudice the government, the court found that it would not and that it was not a significant factor. Although the government argued that two of the victims have moved from Virginia, there is no question that the government has the resources and ability to bring the victims back to testify at trial. The government often brings in witnesses from over the country to testify in cases. Furthermore, there was some indication that should the appellant be permitted to withdraw his plea, the government would file additional charges against him.

Regarding factor 6, the inconvenience to the court, while there would be some inconvenience, the court did not find this a significant factor and that it would not be enough to deny a motion to withdraw a plea. The court would have to look at its calendar and schedule a trial date. This would not be much of an inconvenience to the court.

The only significant factor was that the appellant was asserting his actual innocence to the charges contained in Counts 2 and 3. The court should have permitted the appellant to withdraw his plea and try the counts to a jury at which time the appellant could set forth his defense of actual innocence for the jury to decide. Neither the government nor the court would have been prejudiced in any way. Thus, the appellant's motion to withdraw his plea should have been granted by the court and a new trial date scheduled.

## CONCLUSION

Based on the foregoing, the appellant respectfully requests that this Court reverse and remand his case to the district court for further proceedings.

        SCOTTIE LEE MARTINEZ
        By Counsel

        s/Alan H. Yamamoto
        Alan H. Yamamoto
        643 S. Washington Street
        Alexandria, VA  22314
        (703) 684-4700
        Counsel for Appellant

**CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS**

1.　　This brief has been prepared using:

　　　G　　WordPerfect 13 Times New Roman 14 point typeface.

2.　　EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules, or regulations; and the certificate of service, the brief contains:

　　　G　　__13__　Pages.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the court so directs, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

　　　　　　　　　　　　　　　　　　　　s/Alan H. Yamamoto
　　　　　　　　　　　　　　　　　　　　Alan H. Yamamoto

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following CM/ECF users:

to the counsel for appellee:

    Elizabeth M. Yusi, Esquire
    United States Attorney's Office
    101 W. Main Street
    Norfolk, VA 23510

                                          s/Alan H. Yamamoto
                                          Alan H. Yamamoto