IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 11-4104

———————————

UNITED STATES OF AMERICA,

*Appellee,*

v.

SCOTTIE LEE MARTINEZ,

*Appellant.*

———————————

Appeal from the United States District Court
for the Eastern District of Virginia
at Norfolk
*The Honorable Jerome B. Friedman, District Judge*

———————————

RESPONSE BRIEF OF THE UNITED STATES

———————————

Neil H. MacBride                  Elizabeth M. Yusi
United States Attorney            Assistant United States Attorney
                                  United States Attorney's Office
                                  8000 World Trade Center
                                  101 W. Main Street
                                  Norfolk, Virginia 23510
                                  (757) 441-6331

*Attorneys for the United States of America*

**Table of Contents**

                                                                                          **Page**

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

Jurisdictional Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Statement of the Issues. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

I.    Scottie Lee Martinez's Production of Child Pornography and Abusive
      Sexual Contact With a Minor. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.   Martinez's Plea, Plea Agreement, PSR and Motion to Withdraw
      Guilty Pleas. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

I.    This Court should dismiss Martinez's appeal because the appellate
      waiver prohibits Martinez's appeal of the district court's denial of
      Martinez's motion to withdraw guilty pleas. . . . . . . . . . . . . . . . . . . . . . 18

      A.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

      B.    Analysis. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

II.   The district court did not abuse its discretion in properly denying
      Martinez's motion to withdraw guilty pleas. . . . . . . . . . . . . . . . . . . . . . 22

      A.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

      B.    Analysis. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

i

**Table of Contents**
**(continued)**

**Page**

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

## Table of Authorities

**Cases**                                                                **Page**

*Blackledge v. Allison*, 431 U.S. 63 (1977). . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*Fields v. Att'y Gen. of State of Md.*, 956 F.2d 1290 (4th Cir. 1992). . . . . . . . . . 20

*Little v. Allsbrook*, 731 F.2d 238 (4th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Attar*, 38 F.3d 727 n.2 (4th Cir. 1994). . . . . . . . . . . . . . . . . . . 21

*United States v. Blick*, 408 F.3d 162 (4th Cir. 2005). . . . . . . . . . . . . . . . . . . . 21, 22

*United States v. Bowman*, 348 F.3d 408 (4th Cir. 2003). . . . . . . . . . . . . . . . 24, 26

*United States v. Ceniseros*, 252 Fed. App'x 559 (4th Cir. 2007). . . . . . . . . . . . . 25

*United States v. Cline*, 286 Fed. App'x 817 (4th Cir. 2008). . . . . . . . . . . . . . . . 24

*United States v. Cohen*, 459 F.3d 490 (4th Cir. 2006). . . . . . . . . . . . . . . . . . . . . 21

*United States v. Craig*, 985 F.2d 175 (4th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . 21

*United States v. Ewell*, 325 Fed. App'x 262 (4th Cir. 2009). . . . . . . . . . . . . . . . 24

*United States v. Johnson*, 410 F.3d 137 (4th Cir. 2005). . . . . . . . . . . . . . . . . . . . 22

*United States v. Lambert*, 994 F.2d 1088 (4th Cir. 1993) . . . . . . . . . . . . . . . . . . 25

*United States v. Lambey*, 974 F.2d 1389 (4th Cir. 1992) . . . . . . . . . . . . . . . 20, 24

*United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005). . . . . . . . . . . . . . . . 20, 24

*United States v. Manigan*, 592 F.3d 621 (4th Cir. 2010). . . . . . . . . . . . . . . . . . . 18

*United States v. McMahan*, 264 Fed. App'x 287 (4th Cir. 2008). . . . . . . . . . . . . 24

## Table of Authorities
## (continued)

**Cases** **Page**

*United States v. Moore*, 931 F.2d 245 (4th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Roper*, 384 Fed. App'x 282 (4th Cir. 2010). . . . . . . . . . . . . . . . 21

*United States v. Sparks*, 67 F.3d 1145 (4th Cir. 1995). . . . . . . . . . . . . . . . . . . . 26

*United States v. Thompson*, 149 Fed. App'x 153 (4th Cir. 2005). . . . . . . . . . . . 25

*United States v. Ubakanma,* 215 F.3d 421 (4th Cir. 2000). . . . . . . . . . . . . . . 22, 23

**Federal Statutes** **Page**

18 U.S.C. § 2244. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 2244(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 2244(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 2251(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 2256(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 2256(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. § 2256(8). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3553(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 3742. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

iv

**Table of Authorities**
**(continued)**

**Federal Statutes**                                             **Page**

18 U.S.C. § 3742(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3742(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18 U.S.C. § 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Federal Rules**                                                 **Page**

Fed. R. Crim. P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Fed. R. Crim. P. 11(d)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————————

No. 11-4104

———————————————

UNITED STATES OF AMERICA,

*Appellee,*

v.

SCOTTIE LEE MARTINEZ,

*Appellant.*

———————————————

Appeal from the United States District Court
for the Eastern District of Virginia
at Norfolk

———————————————

RESPONSE  BRIEF OF  THE  UNITED  STATES

———————————————

## JURISDICTIONAL STATEMENT

The defendant waived indictment and was charged by criminal information

with two counts of production of child pornography in violation of 18 U.S.C.

§ 2251(a) and one count of abusive sexual contact with a minor in violation of 18

U.S.C. § 2244(a)(1).  The district court had jurisdiction over this case pursuant to

1

18 U.S.C. § 3231. The defendant pleaded guilty, and the district court sentenced the defendant to 960 months of imprisonment. The court entered its judgment on January 19, 2011. The defendant filed a timely notice of appeal on January 24, 2011, and this Court has jurisdiction over the defendant's appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1. The defendant entered into a plea agreement that waived his right to appeal both his sentence and conviction, and in later seeking to withdraw his guilty plea, the defendant acknowledged that the plea was knowing and voluntary. Does the appellate waiver in the plea agreement allow the defendant to appeal the district court's denial of his motion to withdraw his pleas of guilty in which he claimed, without support and contrary to his sworn statements at his plea hearing, that he was allegedly innocent of the crimes?

2. Did the district court abuse its discretion in not allowing the defendant to withdraw his guilty plea due to "actual innocence" after the defendant knowingly and voluntarily pleaded guilty to two counts of production of child pornography and one count of sexual abuse of a minor, in violation of 18 U.S.C. §§ 2251(a) and 2244, respectively?

2

## STATEMENT OF THE CASE

On July 21, 2010, pursuant to a plea agreement (J.A. 41-52), Scottie Lee Martinez waived indictment (J.A. 40) and pleaded guilty to a criminal information (J.A. 10-15) charging him with two counts of production of child pornography in violation of 18 U.S.C. § 2251(a) (counts one and two) and one count of abusive sexual contact with a minor in violation of 18 U.S.C. § 2244(a)(1) (count three). J.A. 16-39. As part of his guilty pleas, defendant signed and agreed to a written plea agreement and statement of facts. J.A. 41-58. The statement of facts underlying his guilty plea described Martinez's use of two different minors, both under the age of 12 years, to produce visual depictions of the minors engaged in sexually explicit conduct and Martinez's abusive sexual contact with a third minor under the age of 12 years. J.A. 53-58.

On September 24, 2010, the United States Probation Office filed a presentence investigation report (PSR) that provided an advisory guideline sentencing range of life imprisonment. J.A. 204. On October 7, 2010, Martinez filed a motion to withdraw his guilty pleas. J.A. 59-60. The government responded in opposition to the motion on October 28, 2010. J.A. 61-69. On October 29, 2010, the district court conducted a hearing on the defendant's motion (J.A. 70-99) and, thereafter, denied it. J.A. 100.

3

After a detailed analysis of the 18 U.S.C. § 3553(a) factors, on January 19, 2011, the district court sentenced Martinez to 960 months of imprisonment.  J.A. 122-133.  Following the entry of judgment on January 19, 2011, Martinez timely noted this appeal.  J.A. 141-142.

## STATEMENT OF FACTS

## I.     Scottie Lee Martinez's Production of Child Pornography and Abusive Sexual Contact With a Minor

Beginning in or about May 2001, Scottie Lee Martinez, an active duty officer in the United States Navy  (USN) at that time, was stationed at Naval Air Station Keflavik, Iceland (NAS Keflavik).  J.A. 53, 148.  While stationed there, Martinez lived in military housing located on NAS Keflavik.  J.A. 53.  NAS Keflavik is within the special maritime and territorial jurisdiction of the United States, as defined in 18 U.S.C. § 7.  J.A. 53.  Between in or about May 2001 and June 2004, on NAS Keflavik, Martinez sexually abused "Jane Doe 3," who at the time was between 7 and 9 years old, and intentionally touched her anus in the master bedroom of his residence on NAS Keflavik.  J.A. 53, 159-60.

In 2004, Martinez was released from active duty with the USN.  J.A. 53.  After Martinez's release from active duty, Martinez joined the USN Reserves.  J.A. 54.

4

In late June 2009, Scottie Lee Martinez was activated as an USN Reservist, whereupon he traveled to Norfolk, Virginia, and South Carolina to prepare for deployment to Qatar. J.A. 54, 155. Martinez traveled to Norfolk and South Carolina with his personal laptop computer, a SONY Vaio containing a Western Digital hard disk drive. J.A. 55. In July 2009, Martinez traveled to Qatar with his personal laptop computer. J.A. 54. Martinez returned to Norfolk from Qatar on or about March 12, 2010. J.A. 54. Norfolk, Virginia, is within the Eastern District of Virginia. J.A. 54.

On or about March 1, 2010, a Captain with the United States Air Force (USAF) located at Camp As Sayliyah, Qatar, notified the Provost Marshal Office, Camp As Sayliyah, Qatar, that she identified suspected child pornography while logged onto the office network. J.A. 54, 155. The Captain stated that while she was using the office "white line," an Internet line used in the office that allowed deployed government users to surf the Internet, she opened the Home Sharing feature in the iTunes software application on her personal computer and saw a file named "(pthc) R@ygold****11yo" in the shared electronic library titled "Scottie's Frostwire Tunes." J.A. 54, 155. The Captain recognized the title as suspected child pornography from her experience as trial counsel at her home installation of Minot Air Force Base. J.A. 54, 155. The Captain described "pthc" as the acronym

for pre-teen hard core and "R@ygold" as the name of a child pornography series. J.A. 54, 155. The Captain stated the "****" stood for a portion of the filename she could not remember. J.A. 54, 155. The Captain contacted a Chief Petty Officer with the USN, and another Captain with the USAF (Officer 2), to attempt to identify the individual connected to the white line with the Home Share application open. J.A. 55, 155.

Officer 2 walked through the office spaces to find who was connected to the white line. J.A. 55, 155. Officer 2 knocked on Scottie Lee Martinez's office door and Martinez told Officer 2 to come in. J.A. 55, 155. Officer 2 saw on Martinez's personal laptop computer that iTunes was running with Home Share activated. J.A. 55, 155. Martinez had his iPod connected to the laptop computer. J.A. 55, 155. Officer 2 assisted Martinez to attempt to transfer a photo from his laptop to the iPod and then, when unsuccessful, Martinez closed the laptop. J.A. 55, 155. Officer 2 reported the finding and the Captain attempted to reconnect to "Scottie's Frostwire Tunes," however the connection was lost to that account. J.A. 55, 155.

On March 1, 2010, a USAF Security Forces Investigator, Camp As Sayliyah, obtained written consent from Martinez for the search and seizure of his personal laptop computer and Apple iPod. J.A. 55, 155-156. On March 2, 2010,

6

the USAF Security Forces Investigator obtained written consent from Martinez for

the search and seizure of items from Martinez's living quarters.  J.A. 55, 156.

A forensic analysis was performed on Martinez's personal laptop computer,

which resulted in a report of thousands of pornographic images and videos, several

of which depicted suspected child pornography, as defined by 18 U.S.C. §

2256(8), and files names that included terms indicative of child pornography such

as 10yo, preteen, kiddie, child, underage, incest, pedo, illegal, 15 years, young,

angel, Lolita, step daughter, jailbait, youth, nymphets, 3yo, babyshivid, pedofilia,

8 yr old, reelkiddymov, pthc, 7yo, kinder, kids, 14y, grade 4, pupil, r@ygold,

boyorgie, 11yo, and young boylovers.  J.A. 56.  The evidence seized by the USAF

Security Forces Investigator pursuant to the consensual search and seizure was

transferred to the Navy Criminal Investigative Service (NCIS), whereupon a

forensic specialist assigned to the NCIS Atlantic Cyber Division initiated

additional forensic analysis of the electronic media.   J.A. 56.  The analysis

resulted in the identification of over 3000 images of minors engaged in sexually

explicit conduct, as defined by 18 U.S.C. § 2256(2), including images of

prepubescent minors engaged in sexual acts with adults.  J.A. 56.

In addition to these images, approximately 600 additional images and

videos were found on the Sony Vaio computer depicting Jane Doe 1, a minor as

7

defined by 18 U.S.C. § 2256(1).   The images and videos depict Jane Doe 1

sleeping, clothed, nude, and engaged in sexual activity with Martinez.  The sexual

activity included oral sex, vaginal penetration, kissing, fondling, and use of sex

toys.  J.A. 56, 166-170.

For example, in a video that Martinez made on or about May 21, 2009, in

Dumfries, Virginia, in the Eastern District of Virginia, Martinez employed, used,

persuaded, induced, enticed, and coerced Jane Doe 1, who was 11 years-old at that

time, to engage in sexually explicit conduct for the purpose of producing a visual

depiction of such conduct.  J.A. 56, 168.  The file name of the video was

"2009_05_21_last11yo fuck with [Martinez].mpg," and it depicts Martinez and

Jane Doe 1 engaged in vaginal intercourse.  J.A. 168.  The video was produced

using materials manufactured outside of the state of Virginia.  J.A. 57.  The

earliest-produced images and videos located on Martinez's seized computers

depicting Jane Doe 1 in sexually explicit conduct appear to have been made by

Martinez in July 2006, when Jane Doe 1 was 9 years old, and the latest-produced

images appear to have been made by Martinez in December 2009, when Jane Doe

1 was 12 years old.  J.A. 57.

The forensic analysis also revealed several images on the Sony Vaio

computer depicting Jane Doe 2, a minor.  J.A. 57, 167.  The images depict Jane

Doe 2 nude and engaged in sexually explicit conduct.  J.A. 57, 167.  For example,

in an image produced on or about May 30, 2009, in Dumfries, Virginia, in the

Eastern District of Virginia, Martinez employed, used, persuaded, induced,

enticed, and coerced Jane Doe 2, who was 5 years-old at that time, to engage in

sexually explicit conduct for the purpose of producing a visual depiction of such

conduct.  J.A. 57, 167.  The file name for the image is

"2009_05_30_self_shots_02.jpg" and depicts Jane Doe 2 engaged in sexually

explicit conduct.  J.A. 57, 167.  The image was produced using materials

manufactured outside of the state of Virginia.  J.A. 57.

## II.   Martinez's Plea, Plea Agreement, PSR and Motion to Withdraw Guilty Pleas

As discussed *infra*, Scottie Lee Martinez waived indictment (J.A. 40) and

pleaded guilty to a criminal information (J.A. 10-15) charging him with two

counts of production of child pornography in violation of 18 U.S.C. § 2251(a)

(counts one and two) and one count of abusive sexual contact with a minor in

violation of 18 U.S.C. § 2244(a)(1) (count three).  J.A. 16-39.  As part of his guilty

plea, defendant signed and agreed to a written plea agreement and statement of

facts.  J.A. 41-58.  Paragraph 6 of the plea agreement included an appellate waiver,

which reads

9

The defendant also understands that Title 18, United States Code, Section 3742 affords defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

J.A. 44.

The district court thoroughly advised the defendant of the appellate waiver in the plea colloquy. J.A. 34. Defendant agreed that he understood the rights he was giving up in pleading guilty pursuant to the plea agreement. J.A. 34.

The court:       Do you understand that your plea agreement includes a provision whereby you waive your right to appeal any sentence imposed upon any ground whatsoever so long as that sentence is within the statutory maximum?

The defendant:   Yes, sir.

The court:       So do you understand that you are giving up your right to appeal, and that when you executed this plea agreement and are now pleading guilty, that you will not appeal any lawful sentence impose by this Court?

The defendant:   Yes, sir.

J.A. 34.

10

Both defendant and his counsel signed the plea agreement and affirmed that they had read the agreement. J.A. 25-26, 51. In particular, defendant agreed that he had "read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it." J.A. 51. At the plea hearing, the district court judge verified that defendant had a sufficient opportunity to review the terms of his plea agreement with his lawyer:

| | |
|---|---|
| The court: | Have you had an opportunity to discuss your case with your attorney, Mr. McCormack? |
| The defendant: | I have, sir. |
| The court: | Have you discussed all the facts in this case with him? |
| The defendant: | Yes, sir. |
| The court: | Are you satisfied that he has fully considered all the facts and discussed with you any possible defenses that you may have to the charges against you? |
| The defendant: | I am, sir. |

J.A. 31.

On September 24, 2010, the United States Probation Office (USPO) filed the original PSR. J.A. 143-211. The USPO calculated the advisory sentencing guideline range of life imprisonment. J.A. 203, 223-227. However, each count for production of child pornography, in violation of 18 U.S.C. § 2251(a), was

restricted to the statutory maximum of 30 years' imprisonment.  J.A. 203.  The

count for abusive sexual contact, in violation of 18 U.S.C. § 2244(a)(1), was

restricted to the statutory maximum of 20 years' imprisonment.[1]  J.A. 203.

On October 7, 2010, defendant filed a motion to withdraw his guilty pleas.

J.A. 59-60.  In the motion, Martinez asserted he wished to withdraw his pleas of

guilty to counts two and three of the criminal information, which charged

Martinez with production of child pornography involving Jane Doe 2, in violation

of 18 U.S.C. § 2251(a), and abusive sexual contact with a minor involving Jane

Doe 3, in violation of 18 U.S.C. § 2244(a)(1).  J.A. 59.  Martinez stated that basis

for his request was because he was "actually innocent" of those offenses.  J.A. 59.

The government filed a response opposing defendant's motion (J.A. 61-69) and

the district court held a hearing on the motion on October 29, 2010.  J.A. 70-99.

At the hearing, Martinez again stated his actual innocence as to counts two

and three of the criminal information and his wish to withdraw his pleas of guilty.

J.A. 72-73.  Martinez acknowledged that the plea was knowing and voluntary.

J.A. 73, 75-76, 89.  Martinez also agree there were no errors or omissions in the

---

[1] Due to *ex post facto* considerations, the parties agreed that the version of 18 U.S.C. § 2244(a) as it was current in 2004, the time of the offense, was the appropriate statutory authority to be considered as the basis of the plea agreement in regard to the count for abusive sexual contact with a minor.

12

plea colloquy.  J.A. 75-77.  Martinez stated he pleaded guilty to counts two and three not because he was guilty of those offense, but in order to "help his family not deal with the situation."  J.A. 77-78.

At the conclusion of the hearing, the district court denied defendant's motion to withdraw his guilty pleas.  J.A. 98, 100.  The district court stated that the defendant is permitted to withdraw a guilty plea that has been accepted by a court only if the defendant can show a fair and just reason for requesting the withdrawal.  J.A. 89.

In denying the motion, the district court looked at six factors.  J.A. 89.  First, the court determined whether the defendant offered credible evidence that his plea was not knowing and voluntary.  J.A. 89.  The defendant agreed that this was not an issue.  J.A. 73, 75-76, 89, 91-93.  Second, the district court looked at whether the defendant credibly asserted his legal innocence.  J.A. 89.  The court recognized the defendant stated he was legally innocent.  J.A. 89.  Third, the court looked at whether there was a delay between the entry of the plea and the filing of the motion.  J.A. 89.  The court determined there was an approximate two-month delay between the plea and the motion.  J.A. 89, 94.  The court noted that it was "suspicious" that the motion was filed shortly after the filing of the PSR.  J.A. 89-90.  Fourth, the district court considered whether the defendant had close

13

assistance of counsel.  J.A. 90.  The court said it appears that the defendant had

very close assistance of counsel and this was not a factor.  J.A. 90, 94-95.  Fifth,

the court looked at whether the withdrawal will cause prejudice to the government

and, sixth, inconvenience the court and waste judicial resources.  J.A. 90.  The

court determined that the government would not be prejudiced if the defendant

were permitted to withdraw his plea nor inconvenience the court.[2]  J.A. 82-83, 95-

96.

The court stated the "key" in determined whether a defendant's motion to

withdraw his guilty plea should be granted is whether the Rule 11 inquiry was

properly conducted.  J.A. 90.  The district court pointed out that no one asserts that

the Rule 11 inquiry was improperly conducted (J.A. 75-77, 90-91) and, in fact, the

plea colloquy was proper (J.A. 90-98) so there is a strong presumption that the

plea is final and binding.  J.A. 90.  Further, the district court reviewed the multiple

times defendant was asked if he agreed with the statement of facts, the fact that he

was under oath, the defendant's advanced level of education, and the thoroughness

of the court's Rule 11 inquiry.  J.A. 90-98.

---

[2]

The district court did express its concern for the minor victims should the
defendant be permitted to withdraw his plea of guilty, but did not find this
prejudicial to the government.  J.A. 96.

The district court recognized that defendant's "sole justification" for withdrawing his pleas was his actual innocence. J.A. 90. The court found that this reason on its own does not constitute a fair and just reason for requesting the withdrawal. J.A. 90. Considering all of these factors, the district court denied defendant's motion to withdraw guilty pleas. J.A. 98, 100.

## SUMMARY OF THE ARGUMENT

There is an initial issue for the Court to determine: whether Martinez is allowed to appeal the district court's denial of his motion to withdraw his guilty pleas based on actual innocence due to the appellate waiver contained in the plea agreement. If the Court believes Martinez is not prohibited from appealing the district court's decision, the next issue is whether the district court abused its discretion in denying Martinez's motion.

First, the appellate waiver prohibits Martinez's appeal and the Court should dismiss this appeal. When Martinez pleaded guilty, he signed and entered into a written plea agreement with the government. The plea agreement contained an appellate waiver by which Martinez "knowingly waives the right to appeal the conviction and any sentence within the statutory maximum ... or on any ground whatsoever." Martinez does not suggest that his Rule 11 inquiry and plea was not knowing or voluntary or that there is any constitutional error. Rather, he argues he

15

is "actually innocent" of two of the three counts to which he pleaded guilty. The appellate waiver does not allow Martinez's appeal and the Court should dismiss the appeal.

If the Court finds the appellate waiver does not cover this appeal, the next issue is whether the district court abused its discretion in denying the defendant's motion. Under this Court's precedent, district courts must weigh six factors when defendants move to withdraw pleas of guilty in order to determine if there is a fair and just reason for the withdrawal: (1) whether the defendant has offered credible evidence that the plea was not knowing or voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

The district court carefully weighed these factors and did not abuse its discretion. The defendant conceded that the plea hearing was properly conducted and that his statements were knowing and voluntary. He offered no viable basis for contradicting his admissions under oath at that hearing, and this Court's precedent establishes that a defendant may not disavow his sworn statements at a plea

16

colloquy through mere assertion in a later pleading.  The defendant offered nothing that could *credibly* contradict his sworn statements admitting his guilt.  Instead, as the district court observed, the defendant's motion to withdraw appeared motivated by his concern about the guideline calculations in his PSR.  In denying the defendant's motion to withdraw his guilty plea, the district court analyzed each of the six factors and correctly determined that there was no fair and just reason for the defendant to withdraw his appeal.  The district court did not abuse its discretion and the Court should affirm the lower court's decision.

# ARGUMENT

**I.    This Court should dismiss Martinez's appeal because the appellate waiver prohibits Martinez's appeal of the district court's denial of Martinez's motion to withdraw guilty pleas.**

### A.    Standard of Review

Whether a defendant validly waived his right to appeal is a question of law that the court reviews *de novo*. *United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010).

### B.    Analysis

The United States requests the Court to dismiss Scottie Lee Martinez's appeal because Scottie Lee Martinez knowingly and voluntarily entered into a plea agreement that waived his right to appeal.

On July 21, 2010, pursuant to a plea agreement (J.A. 41-52), Scottie Lee Martinez waived indictment (J.A. 40) and pleaded guilty to a criminal information (J.A. 10-15) charging him with two counts of production of child pornography in violation of 18 U.S.C. § 2251(a) (counts one and two) and one count of abusive sexual contact with a minor in violation of 18 U.S.C. § 2244(a)(1) (count three). J.A. 16-39. As part of his guilty pleas, defendant signed and agreed to a written plea agreement and statement of facts. J.A. 41-58. In paragraph 6 of his plea agreement, defendant waived his right to appeal his conviction and any sentence

18

within the statutory maximum.  J.A. 44.  The district court thoroughly reviewed this

provision with the defendant.  J.A. 34.  Both defendant and his counsel signed the

plea agreement and affirmed that they had read the agreement. J.A. 25-26, 51.   In

particular, defendant agreed that he had "read this plea agreement and carefully

reviewed every part of it with my attorney.  I understand this agreement and

voluntarily agree to it." J.A. 51.  At the plea hearing, the district judge verified that

defendant had a sufficient opportunity to review the terms of his plea agreement

with his lawyer and the judge also verified that defendant had in fact signed the

plea agreement on the line affirming that defendant had read the plea agreement

and reviewed it with his attorney.  J.A. 31.

Defendant's brief on appeal does not mention the appellate waiver or

identify any reason why his plea agreement is unenforceable.  And as the plea

hearing established, defendant reviewed the plea agreement, including the appeal

waiver with his lawyer, and understood it.

A defendant may not defeat, moreover, a carefully conducted plea hearing

under Fed. R. Crim. P. 11 through mere assertion on appeal.  The law is well-

established that a defendant may not lightly disavow statements that he makes

under oath at a Rule 11 hearing.  "Solemn declarations in open court carry a strong

presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Indeed,

19

statements made under oath at a Rule 11 proceeding are binding on a defendant "absent clear and convincing evidence to the contrary." *Fields v. Att'y Gen. of State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citing *Blackledge*, 431 U.S. at 74-75; *Little v. Allsbrook*, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984)). As this Court has explained, "If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). Summing up these cases, this Court has observed that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established. . . ." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).

The only issue that defendant raises on appeal challenges the district court's denial of his motion to withdraw his guilty pleas due to defendant's "actual innocence" of two of the three counts to which he pleaded guilty. Because defendant acknowledges that his guilty plea is knowing and voluntary (and his appellate waiver is as well), his request to withdraw his guilty pleas falls within the scope of his appeal waiver, and thus, he is barred from obtaining review of that motion on appeal.

As this Court has held many times, a defendant may waive his statutory right to appeal if the waiver is knowingly and voluntarily made.  *See, e.g., United States v. Cohen*, 459 F.3d 490, 493-94 (4th Cir. 2006); *United States v. Blick*, 408 F.3d 162, 167-73 (4th Cir. 2005); *but see United States v. Roper*, 384 Fed. App'x 282, 284 (4th Cir. 2010) (finding waiver provision does not foreclose consideration of fairness of Rule 11 proceeding).  Further, there is no "colorable" claim that Martinez's Rule 11 proceeding was flawed nor is there a claim of ineffective assistance of counsel or other constitutional error.

In *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993), this Court suggested that a defendant might never be able to waive appeal of a district court's denial of the defendant's motion to withdraw a guilty plea.  But this Court later clarified that *Craig* did not establish such a broad rule:

> We do not think *Craig* sweeps so broadly.  Instead, we think *Craig* stands only for the proposition that a waiver of appeal rights in a plea agreement will not bar appellate review of the denial of a motion to withdraw the underlying guilty plea when the plea-withdrawal motion incorporates a *colorable* claim that the plea agreement itself—and hence the waiver of appeal rights that it contains–is tainted by constitutional error, be lack of constitutionally effective assistance of counsel (as in *Craig* itself), unconstitutional denial of any counsel whatsoever, or something else.

*United States v. Attar*, 38 F.3d 727 n.2 (4th Cir. 1994).  Moreover, after *Attar*, this Court explained that there is no blanket prohibition on waiving Sixth Amendment

21

claims in plea agreements. *United States v. Blick*, 408 F.3d 162 (4th Cir. 2005).

*See also United States v. Johnson*, 410 F.3d 137, 152 (4th Cir. 2005). In this case

it suffices to note that, because defendant knowingly and voluntarily waived his

right to appeal, and that decision was not undermined in any respect by

constitutional error in entering into the plea agreement, the defendant's plea

agreement should be enforced. The United States respectfully requests that this

Court dismiss defendant's appeal.

## II. The district court did not abuse its discretion in properly denying Martinez's motion to withdraw guilty pleas.

### A. Standard of Review

This Court reviews a district court's denial of a defendant's motion to

withdraw a guilty plea for abuse of discretion. *United States v. Ubakanma,* 215

F.3d 421, 424 (4th Cir. 2000).

### B. Analysis

If this Court find that the appellate waiver does not preclude defendant's

appeal, the Court should affirm because the district court did not abuse its

discretion in denying defendant's motion to withdraw his guilty pleas. Defendant's

sole reason for his original motion to withdraw hi guilty pleas is that he is "actually

innocent" of two of the three counts to which he pleaded guilty. As the district

22

court found, there is no fair and just reason to allow defendant to withdraw his

guilty pleas.

There is no absolute right to withdraw a plea of guilty. *Ubakanma*, 215 F.3d

at 424. Rule 11 of the Federal Rules of Criminal Procedure identifies the

circumstances under which a defendant may withdraw a guilty plea. In defendant's

motion to withdraw guilty pleas for counts two and three of the criminal

information, defendant proceeded under Rule 11 (d)(2)(B), which provides:

> A defendant may withdraw a plea of guilty or nolo contendere:
>   (2) after the court accepts the plea, but before it imposes sentence if:
>     (B) the defendant can show a fair and just reason for requesting
>         the withdrawal.

Fed. R. Crim. P. 11(d)(2)(B).

In determining if the defendant had a "fair and just" reason to withdraw his

pleas of guilty, the district court properly considered the following factors:

> (1) whether the defendant has offered credible evidence that the plea
> was not knowing or voluntary; (2) whether the defendant credibly
> asserted his legal innocence; (3) whether there has been a delay
> between the entry of the plea and the filing of the motion; (4) whether
> the defendant had close assistance of competent counsel; (5) whether
> withdrawal will cause prejudice to the government; and (6) whether it
> will inconvenience the court and waste judicial resources.

*See United States v. McMahan*, 264 Fed. App'x 287, 288 (4th Cir. 2008) (unpublished); *United States v. Cline*, 286 Fed. App'x 817, 818 (4th Cir. 2008); *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

This Court has found that, while all of these factor should be considered, the most important factor is whether the Rule 11 inquiry was proper at the time the guilty pleas were accepted by the lower court. *See United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003); *United States v. Lambey*, 974 F.2d at 1394. "A properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn," *Bowman*, 348 F.3d at 414. In addition, statements of fact agreed to by a defendant, under oath, during Rule 11 proceedings "may not ordinarily be repudiated," *Lambey*, 974 F.2d at 1395; *see also Lemaster,* 403 F.3d at 221 (defendant's later statements that contradict sworn statements during Rule 11 colloquy are palpably incredible and patently frivolous or false).

The Court can also consider the timing of the motion to withdraw and any delay between the plea and motion to withdraw. For example, a motion filed soon after the PSR is filed may weigh against the Court's granting of a motion to withdraw. *See United States v. Ewell*, 325 Fed. App'x 262, 264 (4th Cir. 2009) (unpublished) (district court did not abuse its discretion in finding defendant's

24

motion to withdraw plea to be based on disappointment with the imprisonment range); *see also United States v. Lambert*, 994 F.2d 1088, 1093 (4th Cir. 1993) (a guilty plea does not become invalid simply because such plea was made in expectation of a significantly lower sentence).  Such delay belies a defendant's assertions of innocence and supports a presumption that the real motive for attempting to withdraw a guilty plea is the avoidance of the sentence he or she faces.  *United States v. Ceniseros*, 252 Fed. App'x 559, 561 (4th Cir. 2007) (unpublished) (affirming denial of request to withdraw guilty plea based, in part, on three-month delay); *United States v. Thompson*, 149 Fed. App'x 153, 156 (4th Cir. 2005) (unpublished) (three-month delay weighs against a grant of withdrawal).

Defendant's sole basis to withdraw his pleas is his alleged actual innocence of counts two and three of the criminal information.  But the only support defendant gives for his contention of innocence is that defendant stated he pleaded guilty so as to not put his family through a trial.  As the district court found, this is not a credible assertion and therefore, not a fair and just reason for withdrawal of his pleas of guilty.

Defendant has offered no evidence, nor has he argued, that the plea was not knowing or voluntary.  The district court, pursuant to Rule 11, determined defendant's guilty plea was knowing and voluntary.  Defendant admitted his guilt

at the plea hearing, as previously discussed, and cannot now credibly assert his legal or actual innocence.  Further, the district court determined defendant had the close assistance of competent counsel.  In addition, the defendant's motion was filed only *after* the PSR was filed with the district court and nearly two months after his plea hearing.  The district court found the timing "suspicious."

Although the district court also determined that there would be no prejudice to the government nor waste of judicial resources should the plea be withdrawn, those factors alone do not support allowing a defendant to cast aside a knowing and voluntary plea.  As this Court has observed, "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted.  Thus, when a district court considers the plea withdrawal motion, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. . . ." *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003) (internal quotation marks and citations omitted).  *Cf. United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995) ("The factors that speak most straightforwardly to the question whether the movant has a fair and just reason to upset settled systemic expectations by withdrawing her plea are the first, second, and fourth.").

26

In balancing the six factors, the district court correctly found that the

defendant did not present a fair and just reason to withdraw his pleas.

## CONCLUSION

For the reasons stated above, this Court should either dismiss the appeal as

barred by the defendant's appellate waiver or, if the appellate waiver does not

apply, affirm the judgment of the district court because the district court did not

abuse its discretion in denying the defendant's motion to withdraw the guilty plea.

Respectfully submitted,

Neil H. MacBride
United States Attorney


_____/s/_____
Elizabeth M. Yusi
Assistant United States Attorney
United States Attorney's Office
8000 World Trade Center
101 W. Main Street
Norfolk, VA 23510
(757) 441-6331

## STATEMENT WITH RESPECT TO ORAL ARGUMENT

The United States respectfully suggests that oral argument is not necessary in this case.  The legal issues are neither novel nor complex, and oral argument likely would not aid the Court in reaching its decision.

## CERTIFICATE OF
## COMPLIANCE WITH RULE 32(a)

I hereby certify that:

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief does not exceed 14,000 words (specifically 5760 words), excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using WordPerfect 12 in 14-point Times New Roman typeface.

                        /s/
_____
                        Elizabeth M. Yusi
                        Assistant United States Attorney

29

## Certificate of Service

I certify that on June 28, 2011, I electronically filed the foregoing brief with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following EM/ECF users:

Alan H. Yamamoto
643 South Washington Street
Alexandria, Virginia 22314
(703) 684-4700
yamamoto.law@verizon.net


By:      /s/
         Elizabeth M. Yusi
         Assistant United States Attorney
         U.S. Attorney's Office
         Eastern District of Virginia
         8000 World Trade Center
         101 W. Main Street
         Norfolk, VA 23510
         (757) 441-6331
         elizabeth.yusi@usdoj.gov

30